

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | | |
|---|---|---|
| JOHN C. CALHOUN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 8:04-1682-HFF-BHH |
| | § | |
| JO ANNE B. BARNHART, Commissioner of Social Security, | § | |
| | § | |
| Defendant. | § | |

ORDER ADOPTING THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE, REVERSING DEFENDANT'S DECISION, AND REMANDING THE CASE FOR FURTHER PROCEEDINGS

**I.     INTRODUCTION**

This is a Social Security action. This matter is before the Court for review of the United States Magistrate Judge's report and recommendation (report) in which she suggests that Defendant's decision to deny Plaintiff disability insurance benefits (DIB) and supplemental security income (SSI) benefits be reversed pursuant to sentence four of 42 U.S.C. §§ 405(g) and 1383(c)(3) and remanded to Defendant for further proceedings. The report is made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 DSC.

**II.     THE REPORT**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a *de novo* determination of those portions of the report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

Magistrate Judge Bruce Hendricks filed her report on July 20, 2005; Defendant filed her objections to the report on August 2, 2005; and Plaintiff filed his response to the objections on August 17, 2005. The Court will review each of the objections in turn.

**III.    DEFENDANT'S OBJECTIONS**[1]

*A.     Depression*

Defendant argues that Plaintiff failed to list depression in his initial disability application. Further, Defendant points to the absence of depression treatment at the time of Plaintiff's application for disability benefits. Defendant then suggests that these omissions should excuse the Administrative Law Judge (ALJ) from considering depression as a factor in determining Plaintiff's Residual Functional Capacity (RFC). The Court disagrees.

---

[1] For a recitation of the relevant factual and procedural history, the reader is directed to the report.

The Federal Regulations describe what information will be taken into consideration when determining an individual's RFC:

> We will consider any statements about what you can still do that have been provided by medical sources, whether or not they are based on formal medical examinations. We will also consider descriptions and observations of your limitations from your impairment(s), including limitations that result from your symptoms, such as pain, provided by you, your family, neighbors, friends, or other persons.

20 C.F.R. § 404.1545(a)(3) (citations omitted). It is undisputed that Plaintiff raised the issue of his depression in his hearing with the ALJ. Accordingly, Plaintiff's statements regarding his depression and the impact it has on his ability to work should have been given consideration as provided for in the Federal Regulations. As such, the matter should be remanded to the ALJ for consideration of Plaintiff's depression.

*B.     Knees*

The Magistrate Judge also recommended that, upon remand, the ALJ consider the alleged degeneration of Plaintiff's knees. Defendant argues, however, that because Plaintiff lacks ongoing treatment for his knees, consideration of his knee condition is unnecessary. Defendant cites *Shively v. Heckler*, 739 F.2d 987 (4th Cir. 1984), in support of this position. *Shively*, however, involved a situation in which the Plaintiff had "never been hospitalized for his back pain or other ailments." *Id.* at 990. The instant case is distinguishable as Plaintiff underwent arthroscopic surgery on his right knee. Defendant also cites *Hays v. Sullivan*, 907 F.2d 1453 (4th Cir. 1990), for the claim that the Fourth Circuit found it significant that Plaintiff was not receiving treatment for an alleged disability. In *Hays*, though, the Court's concern was that Plaintiff was *refusing* medical treatment. *Id.* at 1457. There is no indication that Plaintiff in the present matter has similarly rejected medical assistance.

The evidence indicates that the ALJ neglected to consider the degeneration of Plaintiff's knees. Such an omission deviates from the standard for determining an individual's RFC as presented by the applicable Federal Regulations. Remand to the ALJ for consideration of Plaintiff's degenerative knees is, thus, appropriate.

*C.     Upper Extremities*

Defendant argues that consideration of Plaintiff's condition regarding his upper extremities would lead to the same RFC, and that findings of fact are left to the ALJ. This Court agrees with this contention to the extent that, instead of deciding this issue for itself, the Court is remanding the issue to the ALJ for consideration.

Defendant also contends that the absence of a discussion of Plaintiff's upper extremities fails to indicate that the ALJ neglected to consider it entirely. Conversely, however, the Court notes that the absence of such a discussion fails to indicate that the ALJ *did* consider the issue. Hence, remand of this question is appropriate.

*D.     Grids*

The Magistrate Judge found that the ALJ improperly made use of the Grids. According to Defendant, however, Grids become inapplicable when non-exertional limitations, such as depression, prevent an individual from doing work. Because there was no discussion regarding Plaintiff's depression, its impact is yet to be determined. Once the ALJ makes this evaluation, the appropriateness of the Grids will become clear.

**IV.    CONCLUSION**

Therefore, after a thorough review of the report and the objections pursuant to the standard set forth above, the Court overrules Defendant's objections, adopts the report to the extent that it does not contradict this order and incorporates it herein.  Accordingly, it is the judgment of this Court that the decision of the Commissioner be **REVERSED** and the matter be **REMANDED** for further proceedings consistent with this opinion.

**IT IS SO ORDERED.**

Signed this 23rd day of August, 2005, in Spartanburg, South Carolina.


                                          s/ Henry F. Floyd
                                          HENRY F. FLOYD
                                          UNITED STATES DISTRICT JUDGE

5